KUNKLE, J.
This case was submitted upon the demurrer of the defendants to the second amended petition of plaintiff.
In brief, the case involves the construction of item seven of the will of Isaiah Wilson.
The item reads as follows:
“Item 7. Should my said wife not survive me or upon her death, I authorize and direct my said executor to reduce all my estate to cash, and after the payment of costs and expenses, to distribute the same as follows: One-third to my sister, Mary Jane Hamilton, or her heirs at law. One-third thereof to the heirs at law of my deceased brother, Ephriam Wilson, and one-third to the heirs at law of my deceased brother, Bartholomew Wilson.”
Bartholomew Wilson was a brother of the testator, Isaiah Wilson, and it is admitted that he died prior to the execution of the will of his brother. Bartholomew Wilson left as his survivors his widow, Catherine Wilson, and certain children and grandchildren, all of whom survived the testator, Isaiah Wilson, and all of whom also survived the widow of said testator.
Item 7 provides that the estate shall be reduced to cash and *148 the fund derived therefrom shall be distributed. The fund for distribution therefore consists entirely of personal property.
Catherine Wilson, as the widow of Batholomew Wilson, claims an interest in the property so devised to the “heirs at law of my deceased brother, Bartholomew Wilson.”
Does Catherine Wilson, the widow of Bartholomew Wilson, come-within the description of the “heirs at law of my deceased brother, Barthol omew ’ ’ ?
Did Isaiah Wilson intend to include Catherine Wilson, the widow of Bartholomew, in the class designated as “the heirs at law of my decased brother, Bartholomew Wilson”?
We have carefully considered the very helpful briefs which have been filed by counsel. All the leading cases in Ohio are therein' cited and discussed. We have also read the very exhaustive written decision of Judge Martin of the common pleas court which has been filed with us.
We shall not attempt to discuss or distinguish the various authorities cited by counsel, but will merely announce the conclusion at which we have arrived after a careful examination of such authorities.
We are in accord with the conclusion reached by Judge Martin and as he has so thoroughly analyzed this case and discussed the leading authorities in his decision we do not deem it necessary to further discuss the same, but think the same decision should be rendered in this court as was rendered in the lower court, for the reasons stated in detail in Judge Martin’s decision.
. In reference to the Mills case, recently decided by this court in Clark county, we think it sufficient to say that the Mills ease related solely to real estate. The ease at bar relates solely to personal property.
■ In .addition to this, in the Mills case there were various other provisions of the will which we thought threw light upon and reflected the intention of the testator. In the case at bar it is conceded that no other provisions, of the will throws any light upon the intention of the testator.
Decree accordingly.
Allread and Femeding, JJ., concur.